

SO ORDERED.

SIGNED this 12th day of September, 2014

                                         LENA MANSORI JAMES
                                 UNITED STATES BANKRUPTCY JUDGE

---

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
## DURHAM DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| Andrew Forgione ) | Case No.: 14-80584 |
| ) | |
| Debtor. ) | |
| ) | |

### ORDER SUSTAINING IN PART AND OVERRULING IN PART TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM FOR PROPERTY EXEMPTIONS

THIS MATTER came before the Court for hearing on August 21, 2014, upon the Trustee's Objection to the Debtor's Claim for Property Exemptions (the "Objection"). Appearing at the hearing was John Paul H. Cournoyer, attorney for the Trustee, and Sara Harrington, attorney for Andrew Forgione (the "Debtor"). After consideration of the Objection and other matters of record, the Court finds as follows:

## BACKGROUND

The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on May 30, 2014, and Northen Blue, LLP was appointed as Chapter 7 Trustee (the "Trustee"). On his Schedule B, Personal Property, the Debtor listed four whole life insurance policies:

1. Prudential whole life insurance 83742668, beneficiaries Debtor's three children, value of $3,687.00;
2. Prudential whole life insurance policy R0073178, beneficiaries Debtor's three children and ex-wife, value of $4,485.00;
3. Metlife whole life insurance policy 740950071A, beneficiaries Debtor's two daughters, value of $1,501.31; and
4. Metlife whole life insurance policy 771-103-886A, beneficiaries Debtor's two daughters, value of $3,371.87.

On his Local Form 91C, Debtor's Claim for Property Exemptions, the Debtor listed the above four whole life insurance policies as exempt under section 6, Life Insurance (as provided in Article X, Section 5 of the North Carolina Constitution). The Chapter 7 meeting of creditors was held pursuant to 11 U.S.C. § 341 on July 11, 2014.

The Trustee filed an Objection to the Debtor's claim for exemption of the life insurance policies on July 24, 2014. In the Objection, the Trustee asserted that the Prudential whole life insurance policy R0073178 listed with the cash surrender value of $4,485.00 does not qualify as exempt pursuant to Article X, Section 5 of the North Carolina Constitution because one of the beneficiaries of the policy is the Debtor's ex-wife. Additionally, the Trustee asserted that the Debtor may have removed his brother as a beneficiary from one or more of the policies within the four-year period prior to the petition date, and that in the event that a change in the beneficiary or beneficiaries was avoidable under 11 U.S.C. §§ 544 and/or 548 and set aside, these policies would then not be exempt pursuant to Article X, Section 5.

On August 20, 2014, counsel for the Debtor filed an Amended Claim for Property Exemptions. This Amended Claim for Property Exemptions appears identical to the original, but with the docket entry statement, "to reflect that ¼ of debtor's Prudential

whole life policy for benefit of his ex-wife is not exempt."[1]  At the hearing on the Objection, counsel for the Trustee addressed only the Debtor's exemption of Prudential whole life policy R0073178, with beneficiaries of such policy being the Debtor's three children and ex-wife.

## ANALYSIS

Article X, Section 5 of the North Carolina Constitution (incorporated into the North Carolina exemption statute by North Carolina General Statute § 1C-1601(A)(6)) provides:

> A person may insure his or her own life for the sole use and benefit of his or her spouse or children or both, and upon his or her death the proceeds from the insurance shall be paid to or for the benefit of the spouse or children or both, or to a guardian, free from all claims of the representatives or creditors of the insured or his or her estate.  Any insurance policy which insures the life of a person for the sole use and benefit of that person's spouse or children or both shall not be subject to the claims of creditors of the insured during his or her lifetime, whether or not the policy reserves to the insured during his or her lifetime any or all rights provided for by the policy and whether or not the policy proceeds are payable to the estate of the insured in the event the beneficiary or beneficiaries predecease the insured.

The Trustee contends that since the ex-wife of the Debtor is a beneficiary of the Prudential policy R0073178, the policy is not for the *sole* use and benefit of the spouse or children or both, and therefore, the exemption does not apply to this policy. In response, the Debtor does not contest the Trustee's assertion that his ex-wife does not fall under the scope of Article X, Section 5,[2] but rather, he contends that as a consequence, only ¼ of

---

[1] Ms. Harrington, counsel for the Debtor, explained at the hearing that the software she utilized did not make the change to Form 91C, but it was the Debtor's intention to claim only a portion of the Prudential R0073178 policy as exempt.

[2] The Court notes that this is not a case in which the Debtor has asserted that his ex-wife is a guardian of the children.

3

the cash value of the life insurance is rendered non-exempt (that being the amount that represents his ex-wife's "share" of the policy).

When interpreting a constitutional provision of the North Carolina Constitution, the principles are "generally the same as those which control in ascertaining the meaning of all written instruments." *Coley v. State*, 631 S.E.2d 121, 125 (N.C. 2006) (citations omitted) (internal quotation marks omitted). The North Carolina Supreme Court has found that the Constitution should be given "a liberal interpretation in favor of its citizens with respect to those provisions which were designed to safeguard the liberty and security of the citizens in regard to both person and property." *Corum v. Univ. of N.C.*, 413 S.E.2d 276, 290 (N.C. 1992). In addition, as a general rule, exemption laws should be construed in favor of the exemption. *Elmwood v. Elmwood,* 244 S.E.2d 668, 678 (N.C. 1978). That being said, there is no doubt that if the language of the constitutional provision at issue is plain, the court must follow it. *Coley*, 631 S.E.2d at 125; *see also State ex rel. Martin v. Preston*, 385 S.E.2d 473, 479 (N.C. 1989) ("In interpreting our Constitution - as in interpreting a statute - where the meaning is clear from the words used, we will not search for a meaning elsewhere.").

Bankruptcy courts in North Carolina are careful to construe Article X, Section 5 of the North Carolina Constitution liberally, yet in a manner consistent with its plain and actual language. *In re Eshelman,* No. 11-08925-8-SWH, 2012 WL 1945709, at *1 (Bankr. E.D.N.C. May 30, 2012); *In re Foster,* No. 11-02711-8-JRL, 2011 WL 5903393, at *2 (Bankr. E.D.N.C. Nov. 1, 2011); *see In re Romp,* 249 B.R. 853 (Bankr. E.D.N.C. 2000). In *Romp*, the trustee objected to the debtor's exemption of a life insurance policy on the grounds that the beneficiary children of the debtor were non-dependent adults. *In*

*re Romp,* 249 B.R. at 855.  The language of Article X, Section 5 includes no such qualifying language, and the court held that it does not require that the children of the debtor be minor children or dependent on the debtor for support. *Id.* In both *Eshelman* and *Foster*, the debtor attempted to exempt a life insurance policy for which the beneficiary was a revocable trust that allowed for the payment of the claims of creditors. In each case, the court found that a trust's provision for the payment of the claims of creditors, even if that payment was discretionary, exceeded the scope of "for sole use and benefit" of the spouse and children and, therefore, the exemption was improper. *See In re Eshelman*, 2012 WL 1945709, at *2; *In re Foster*, 2011 WL 5903393, at *2.

The meaning of the language of Article X, Section 5, as it applies to the facts of the present case, is plain. Article X, Section 5 utilizes a distinctly limiting term, "sole," to modify the phrase "use and benefit of that person's spouse or children or both." Correspondingly, it clearly contemplates a "policy" as something that is a whole unit, referring to "the policy" or "any policy," rather than a portion, share, or fraction of a policy.  If the Court were to interpret Article X, Section 5 in the manner proposed by the Debtor, the word "sole" would be rendered meaningless. Because the Debtor's ex-wife is a beneficiary, the Prudential policy R0073178 is not a policy which insures the Debtor's life for the sole use and benefit of his spouse or children or both. Therefore, in this case, the Court finds that the inclusion of the ex-wife of the Debtor along with his three children as beneficiaries of the Prudential policy R0073178 taints the exemption of this policy.

Turning to the Trustee's Objection to the Debtor's claim for exemption of the remaining whole life insurance policies for which the Debtor's brother may have once

5

been a beneficiary, the Trustee did not pursue this aspect of the Objection at the hearing, has not presented any evidence that such a change in fact took place, and has not requested that any prepetition change in beneficiary be set aside. Therefore, there presently appears to be no basis to disallow the Debtor's claim for exemption of the two Metlife policies and the Prudential policy 83742668 listed with the cash surrender value of $3,687.00.

Based upon the foregoing, the Trustee's Objection is SUSTAINED as to the entire cash surrender value of Prudential whole life insurance policy R0073178. The Trustee's Objection to the Debtor's claim for exemption of the three remaining whole life insurance policies is OVERRULED.

**END OF DOCUMENT**

PARTIES TO BE SERVED

Andrew Forgione
14-80584

Andrew Forgione
7044 Maple Circle
Sanford, NC 27332

Sara Harrington
1410 Elm St.
Sanford, NC 27330

John Paul Cournoyer
Suite 435
1414 Raleigh Rd.
Chapel Hill, NC 27517

William Miller
P.O. Box 1828
Greensboro, NC 27402